IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONNA WARD,

   Plaintiff,

v.                               Civil Action No. PX- 17-1984

COMMUNITY DEVELOPMENT,
ADMINISTRATION, *et al.*,

   Defendants.

**MEMORANDUM OPINION**

This Memorandum Opinion addresses the pending motions to dismiss filed by Defendants Byron L. Huffman, ECF No. 23; Bogman, Inc., Erin M. Brady, Chastity Borwn, Laura T. Curry, Jonathan Elfant, Laura L. Latta, McCabe, Weiberg & Conway, and Laura H.G. O'Sullivan, Diana C. Theologou, ECF No. 25; Qamer Ghumman, ECF No. 26; and Community Development Administration and Jeanne Mullen, ECF No. 27. The issues are fully briefed, and the Court now rules pursuant to Local Rule 105.6 because no hearing is necessary. For the reasons stated below, the Defendants' motions are GRANTED.

I. **BACKGROUND**

This factual background is based on the Amended Complaint and the public record, which includes cases in the Circuit Court for Prince George's County, Maryland, and this Court.[1]

---

[1] At the motion to dismiss stage, the court may take judicial notice of matters of public record. *Philips v. Pitt County Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Accordingly, this Court takes judicial notice of the cases related to this action. *See Brady v. Malloy*, CAE13-04955 (Cir. Ct. for Prince George's Cty. 2016). *Ward v. Theologou et al.*, CAL16-47235 (Cir. Ct. Prince George's Cty. 2016); *HUMG LLC v. Malloy*, 0501SP076182016 (Dist. Ct. for Prince George's Cty. 2016).

1

This case arises out of the foreclosure against property previously owned by Plaintiff, Donna M. Ward ("Ward"), located at 1918 St. Bernandine Way, in Hutchinson Commons, a subdivision located in Capitol Heights, Maryland (the "Property"). ECF No. 22 at ¶ 26. Ward purchased the Property with the assistance of a Note prepared by the Community Development Administration ("CDA"), a government entity within the Maryland Department of Housing and Community Development ("DHCD"). ECF No. 22 at ¶¶ 7, 26–28. The Note executed in favor of CDA required repayment of a principal sum of $68,090, plus 5% annual interest, over a 30-year period (the "CDA Note"). The purchase of the Property was also encumbered by liens filed by U.S. Department of Housing and Urban Development (HUD) and the Housing Authority of Prince George's County. Ward alleges that CDA "delegated its right to collect from Plaintiff secured sums when due" to Defendant Bogman, Inc. ("Bogman"). ECF No. 22 at ¶¶ 9 & 37. Bogman is a Maryland corporation with its principal place of business in Silver Spring, Maryland. ECF No. 22 at ¶ 9. Ward made her mortgage payments to Bogman.

In April 2011, Ward lost her job and fell behind her mortgage payments. ECF No. 22 at ¶¶ 40–41. On September 6, 2011, Bogman sent Ward a "notice of intent to foreclose" (NOI). ECF No. 22 at ¶ 42. Ward attempted to avoid foreclosure, and received from Bogman information related to default assistance programs. ECF No. 22 at ¶¶ 45–46. Ward continued to make payments when able, and Bogman repeatedly accepted Ward's delinquent payments. ECF No. 22 at ¶¶ 47–49.

Ward did not submit timely payments in December, January, and February 2012, and on or about April 3, 2012, Ward received another "notice of intent to foreclose" letter from Bogman. ECF No. 22 at ¶¶ 49–50. Over the next several months, Ward discussed with Bogman employees on several occasions different loss mitigation strategies. ECF No. 22 at ¶¶

2

51–64. Bogman's employees gave Ward conflicting advice about avoiding foreclosure, and Ward was twice required to submit a loss mitigation application. ECF No. 22 at ¶¶ 51–64. While her loss mitigation application was pending, Ward did not submit any monthly payments, on the advice of a Bogman employee. ECF No. 22 at ¶¶ 55 & 61.

On October 3, 2012, Ward received another notice of intent to foreclose from Bogman. The letter stated that Ward owed $2,826.84, but the actual sum owed, according to Ward, was $2,077.00. ECF No. 22 at ¶ 62. Ward did not respond to this notice, again on the advice of a Bogman employee. ECF No. 22 at ¶ 72.

"A few days after December 17, 2012," Ward learned that her loss mitigation application was denied. ECF No. 22 at ¶ 66. Ward believes that Bogman had never intended to grant her relief. ECF No. 22 at ¶ 67. The letter informing Ward of the denial also demanded that Ward cure her six-month mortgage arrears by making a lump sum payment of $4,249.40 within two weeks, or risk foreclosure and sale of the Property. ECF No. 22 at ¶ 68. Then, on or about February 28, 2013, Defendant Elefant, acting "as both a substitute trustee and the attorney for the Substitute Trustees" filed an Order to Docket in the Circuit Court for Prince George's County ("Prince George's County Circuit Court"), to procure a decree for the sale of the Property. ECF No. 22 at ¶ 79.

On or about March 13, 2013, Ward was notified by mail that "in February 2013, [DHCD] authorized [Bogman] to commence a foreclosure action, which is now in process." ECF No. 22 at ¶ 75. Ward contends that the foreclosure ensued because she did not respond to the October 3, 2012 written notice of intent to foreclose. ECF No. 22 at ¶ 76. On or about May 5, 2013, the Clerk of the Prince George's County Circuit Court authorized the Property sale. ECF No. 22 at ¶ 80. According to Ward, the Prince George's County Circuit Court could not

order sale of the property because the Court lacked personal jurisdiction over her and had wrongfully denied her the opportunity to defend against "Bogman's falsely declared default and CDA's unenforceable remedial right to forfeit and convey [Ward's] legally protected title." ECF No. 22 at ¶ 80.

Ward requested to engage in post-file foreclosure mediation which took place on May 3, 2013. ECF No. 22 at ¶¶ 81–82. At the mediation conference, Ward's father offered to pay the delinquent sum, but Defendant Brady, who was acting as CDA's attorney under Ward's account, declined to provide the amount needed, instead stating that Brady could not accept the check or approve a repayment plan. ECF No. 22 at ¶¶ 82–83. Ward claims that although Brady could have accepted the check, Brady instead refused so CDA could continue the foreclosure proceeding. ECF No. 22 at ¶¶ 83–84. As a result, Ward argues, the administrative judge was forced to inform Prince George's County Circuit Court that the mediation was unsuccessful. ECF No. 22 at ¶¶ 86–87.

In an attempt to prevent the foreclosure action from proceeding, Ward filed Chapter 13 bankruptcy. ECF No. 22 at ¶ 88. During the bankruptcy proceedings, Ward asserts that Defendants interfered with her legal rights, and caused the bankruptcy proceeding to be "more burdensome and costly." ECF No. 22 at ¶¶ 89–90. During the bankruptcy proceeding, Bogman continued to accept Ward's monthly payments, but upon dismissal of the bankruptcy action, Bogman began rejecting the monthly payments. ECF No. 22 at ¶ 91.

On or around July 5, 2015, Ward received a "Notification to Party of Contemplated Dismissal," informing her that Prince George's County Circuit Court had issued a show cause order to the Substitute Trustees as to why the foreclosure proceeding should not be dismissed for lack of prosecution. ECF No. 22 at ¶¶ 93–94. On August 7 and October 16, 2015, the

Substitute Trustees moved to defer or suspend dismissal, which Ward opposed. ECF No. 22 at ¶¶ 95–96. Ward alleges that the Substitute Trustees failed to show the Prince George's County Circuit Court "cause for continuing the foreclosure action." ECF No. 22 at ¶ 98. As a result, Ward believed that the foreclosure action had been dismissed in early December 2015, and Ward took no further action. ECF No. 22 at ¶¶ 98–99. In actuality, the foreclosure proceeded and the Property was sold at auction on November 2, 2015 to HUMG, LLC ("HUMG"). ECF No. 26-2, *Brady v. Malloy*, CAE13-04955 (Cir. Ct. for Prince George's Cty. 2016); ECF No. 26-3, *HUMG LLC v. Malloy*, 0501SP076182016 (Dist. Ct. for Prince George's Cty. 2016); 26-4. HUMG's sole member is Defendant Qamer Ghumman ("Ghumman"), ECF No. 26, and Defendant Byron L. Huffman, Esq. ("Huffman") represented HUMG in the foreclosure action. *See Brady v. Malloy*, CAE13-04955 (Cir. Ct. for Prince George's Cty. 2016); *HUMG LLC v. Malloy*, 0501SP076182016 (Dist. Ct. for Prince George's Cty. 2016).

Ward asserts that at an unspecified time prior to May 2, 2016, she had received notice that the Property had been alienated, "or that CDA had conveyed or assigned its equitable right to a third party." ECF No. 22 at ¶ 102. Ghumman appeared at the Property on or about May 2, 2016, asserting that he had acquired the Property in a foreclosure sale. ECF No. 22 at ¶ 101. Then, on or about July 14, 2016, Prince George's Circuit Court ratified the property sale to HUMG. ECF No. 22 at ¶ 104; *see also Brady v. Malloy*, CAE13-04955 (Cir. Ct. for Prince George's Cty. 2016). Ward moved to set aside the ratification of foreclosure sale, which was denied; Ward thereafter appealed the Court's order, and the appeal was dismissed. *Brady v. Malloy*, CAE13-04955 (Cir. Ct. for Prince George's Cty. 2016).

Nonetheless, Ward continued to contest the legitimacy of the foreclosure sale. Ghumman, in response, brought a forcible entry and detainer action against Ward in the District

Court for Prince George's County, seeking possession of the Property. *HUMG LLC v. Malloy*, 0501SP076182016 (Dist. Ct. for Prince George's Cty. 2016). Ward was then forcibly evicted from the Property sometime between February 29 and March 1, 2016. ECF No. 22 at ¶ 118. Ward alleges that during this eviction, "unidentified civilians" damaged or stole Ward's personal property, including an iPad and a pair of "Beats" headphones belonging to her and her daughters. ECF No. 22 at ¶ 121.

On December 29, 2016, Ward sued Defendants Bogman, MWC, O'Sullivan, Brady, Theologou, Latta, Elefant, Curry, Brown, and Mullen in Prince George's County Circuit Court, alleging breach of contract and "unconstitutional foreclosure." *See* ECF Nos. 25-1 & 25-2; *Ward v. Theologou et al.*, CAL16-47235 (Cir. Ct. Prince George's Cty. 2016). Defendants thereafter successfully moved to dismiss the action. *Ward v. Theologou et al.*, CAL16-47235 (Cir. Ct. Prince George's Cty. 2016).

Ward then filed suit in this Court on July 14, 2017, alleging that Defendants conspired "under color of State authority" or "under color of State law," to seize the Property in violation of Ward's Fourth, Fifth and Fourteenth Amendment rights. *See* ECF No. 22 at ¶¶ 122–142. Ward asserts that as a result of Defendants' unconstitutional actions, she was deprived of "federally protected rights, title, and interests in . . . the Property," and "continued to suffer mental anguish, humiliations, injury to her credit reputation, and financial distress." ECF No. 22 at ¶¶ 129, 134, 142. Ward generally contests the legitimacy of the foreclosure and forcible entry and detainer proceedings. *See, e.g.* ECF No. 22 at ¶ 139. She also seeks judgment "declaring that Defendants fundamentally breached" the Mortgage Contract through their "fraudulent" and "unlawful" acts. ECF No. 22 at 30. Defendants raise several defenses which ultimately warrant dismissal.

## II. ANALYSIS

    a. *Res Judicata*

Defendants assert that Ward's Complaint is barred by res judicata. *See* ECF Nos 25 at 6–7 &. 27-1 at 3–4. Res judicata prohibits "the relitigation of matters previously litigated between parties and their privies, as well as those claims that *could have been asserted* and litigated in the original suit." *Anyanwautaku v. Fleet Motg. Group, Inc.*, 85 F. Supp. 2d 566, 570 (citing *Pittwson Co. v. United States*, 199 F.3d 694, 704) (4th Cir. 1999) (emphasis in original). Where a litigant in a federal case asserts res judicata based on a state court judgment, the "federal court must give to [the] state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Under Maryland law, res judicata " 'applies when (1) the present parties are the same or in privity with the parties to the earlier dispute, (2) the claim presented is identical to the one determined in the prior adjudication, and (3) there has been a final judgment on the merits.' " *Prudencio v. Capital One, N.A.*, No. PWG-16-2693, 2016 WL 6947016, at *2 (D. Md. Nov. 28, 2016) (quoting *Capel v. Countrywide Home Loans, Inc.*, No. WDQ-09-2374, 2010 WL 457534, at *3 (D. Md. Feb. 3, 2010)).

Three previous state court actions directly concerned the foreclosure of the Property: (1) the foreclosure action itself; (2) a forcible entry and detainer action seeking possession of the Property following foreclosure; and (3) a civil suit concerning the claimed unlawful seizure of the Property. All parties in the current case are either identical to the state case or in privity with them.[2] "Privity in the res judicata sense generally involves a person so identified in

---

[2] Although Defendant CDA was not a named party to the state court actions, Defendant Mullen was previously sued for actions taken in her capacity as Manager of CDA's Single Family Collections department for identical conduct attributed to the CDA in this case. *See Ward v. Theologou et al*, CAL16-47235 (Prince George's Cty. Cir. Ct. 2017); ECF No. 22. Likewise, although HUMG previously sued Ward for possession of the property,

7

interest with another that he represents the same legal right." *Jones v. HSBC Bank USA, N.A.*, No. RWT 09CV2904, 2011 WL 3822371, at *5 (D. Md. Feb. 3, 2011) (quoting *Anyawutaku*, 85 F. Supp. 2d at 572–73). All previously unnamed parties are now sued for actions that advance interests identical to those of parties involved in earlier disputes, and "[a]n identity of interests exists." *See Anyanwutaku*, 85 F. Supp. 2d at 571; *see also Penden v. BWW Law Grp.*, No. PWG-16-4012, 2018 WL 690880, at *3 (D. Md. Feb. 1, 2018); *Jones*, 2011 WL3822371, at *5.

As to the second element, "a 'claim' includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the claim arose." *Boyd v. Bowen*, 806 A.2d 314, 325 (Md. Ct. Spec. App. 2002) (citing *FWB Bank v. Richman*, 354 Md. 472, 493–94 (1999)); *see also Penden*, 2018 WL 690880, at *4; *Prudencio*, 2016 WL 6947016, at *2–3. This Court has consistently held that res judicata bars collateral attack on foreclosure judgments. *See, e.g. Anyanwutaku*, 85 F. Supp. 2d at 571–72 (citing cases); *Prudencio*, 2016 WL 6947016, at *2; *McCreary v. Beneficial Mortg. Co. of Md.*, No. 2011 WL 4985437, at *3 (D. Md. Oct. 18, 2011); *Jones,* 2011 WL 3822371, at *5. The state court cases concerning the foreclosure on the Property ended with a final judgment on the merits against Ward. Specifically, Ward has previously and unsuccessfully challenged foreclosure of the Property. *See Brady v. Malloy*, CAE13-04955 (Cir. Ct. Prince George's Cty. 2017). These decisions were affirmed on appeal and a final order of foreclosure issued on October 10, 2017. *Id.* Similarly, Defendants Hoffman and Ghumman, through HUMG, successfully pursued a forcible detainer action against Ward to take possession of the Property following the foreclosure. *See* ECF No. 23-3, *HUMG, LLC v. Malloy*, 0501SP076182016 (Dist. Ct. for Prince George's Cty. 2016). Likewise, Ward's state case

---

Huffman and Ghumann are the named defendants in this case for actions taken to protect HUMG's interest in the Property.

challenging the constitutionality of the foreclosure was dismissed on March 15, 2017. *Ward v. Theologou et al*, CAL16-47235 (Prince George's Cty. Cir. Ct. 2017). Ward did not appeal, and the case is now closed. *Id*. As in the prior state cases, Ward's claims here center on breach of contract and "unconstitutional" acts taken to foreclose on the Property. *See* ECF No. 25-2.

Because Ward's claims have already been fully and finally determined against the Defendants or their privies, res judicata bars this litigation. Ward has had not one, but three opportunities to advance her claims, all of which have been finally resolved in state court. Accordingly, the Complaint must be dismissed as to all Defendants.

        b.        *Failure to State a Claim*

Alternatively, even if res judicata does not bar Ward's constitutional claims, the claims are not legally cognizable and must be dismissed under Federal Rule 12(b)(6) for failure to state a claim. *See* ECF Nos. 23, 25, 27-1. In ruling on a motion to dismiss, a plaintiff's well-pleaded allegations are accepted as true and the complaint is viewed in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].' " *EEOC v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. " '[N]aked assertions of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.' " *Francis* v. *Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557). In reviewing a motion to dismiss under Rule 12(b)(6), the Court may take judicial notice of matters of public record, *Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009), as well as documents attached to the motions to

9

dismiss, if those documents are referred to and relied upon in the Complaint, and their authenticity is not disputed. *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.*, 18 F.3d 1161, 1164 (4th Cir. 1994).

Although pro se pleadings are construed liberally to allow for the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), the Court must not ignore a clear failure in the pleadings to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." (internal citation omitted)). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009).

Plaintiffs' First Amended Complaint asserts three causes of action under 42 U.S.C. § 1983. Fatal to the claims, however, is that none of the defendants are state actors. Constitutional violations pursuant to 42 U.S.C. § 1983 lie only against persons "acting under color of law" to "deprive[] another of constitutional rights." *See* 42 U.S.C. § 1983; *see Proctor v. Wells Fargo Bank, N.A.*, 289 F. Supp. 3d 676, 686 (D. Md. 2018) (citing *Bixler v. Harris*, No. WDQ-12-1650, 2013 Wl 2422892, at *5 (D. Md. June 3, 2013)). The "under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). The individuals, named in Ward's § 1983 counts — Bogman, Inc. and MWC, and attorneys working for MWC,

Defendants Ghumann, Huffman, Brown, Curry, Brady, Elefant, Latta, O'Sullivan, and Theologou — are all private actors. *See* ECF No 22.

Ward contends that defendants are "acting under color of State law" because they are associated with the CDA, a government entity. ECF No. 22 at ¶¶ 11–17. Specifically, Ward claims the named defendants fall under § 1983 because they were "an employee, agent, servant, or assignee of CDA," and acted within the scope of this "agency" relationship. ECF No. 22 at ¶¶ 11–17, 20. Ward also asserts that Ghumman and Huffman are state actors because they "willfully" assisted the Foreclosure Defendants "property deprivation." ECF No. 22 at ¶¶ 18–19.

"When addressing whether a private party acted under color of law, a court starts with the presumption that private conduct does not constitute governmental action." *See Edmond v. Maher*, No. DKC-07-2883, 2007 WL 5391046, at *2 (D. Md. Nov. 13, 2007) (citing *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1993) and *Price v. Hawaii*, 939 F.3d 702, 707–08 (9th Cir. 1991)). Important to this case, "a private party's mere invocation of state legal procedures has not been held by the Supreme Court to constitute 'joint participation' or 'conspiracy' with state officials satisfying the § 1983 requirement of action under color of state law." *Donlan v. Smith*, 662 F. Supp. 352, 359 (D. Md. 1986) (citing 42 U.S.C. § 1983); *see also Hardrick v. Canter*, No. DKC-11-3032, 2012 WL 5409739, at *5 (D. Md. Nov. 5, 2012); *Edmond*, 2007 WL 5391046, at *3 ("Plainly, a private repossession pursuant to a state statutory provision is not state action.") (citing *Flagg Brothers, inc. v. Brooks*, 436 U.S. 149, 164–66 (1978).

Ward's claims, taken as true and most favorably to her, do not plausibly support how Defendants' mere association with the CDA amount to acting "under color of state law." *See generally* ECF No. 22; *Price*, 939 F.3d at 707–708 ("[P]rivate parties are not generally acting

under color of state law . . . [and] conclusory allegations, unsupported by facts, will be rejected as insufficient to state a claim. . . . ."). Nothing in the Amended Complaint demonstrates any concerted activity, collusion or joint participation with the CDA sufficient to render them state actors. Because § 1983 claims cannot be asserted against private parties, these claims fail to state a claim and must be DISMISSED.

### IV. CONCLUSION

Because Plaintiff Donna M. Ward's claims are barred by *res judicata* and are not proper causes of action under § 1983, Defendants' motions to DISMISS are GRANTED. A separate Order follows.

| | |
|---|---|
| 8/7/2018 | /s/ |
| Date | Paula Xinis |
| | United States District Judge |